Marvin C. **CATRON** and Helen
Catron, **Plaintiffs,**

v.

**UNITED STATES of America,
Defendant.**

No. 82–C–754–B.

United States District Court,
N.D. Oklahoma.

Aug. 29, 1983.

---

Kurt Ray, David L. Noss, Tulsa, Okl., for plaintiffs.

H. Victor Conrad, Atty., Tax Div., Dept. of Justice, Dallas, Tex., for defendant.

## ORDER

BRETT, District Judge.

This matter comes before the Court on plaintiffs' Motion for Summary Judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court heard oral arguments by counsel on June 17, 1983. For the reasons set forth below, plaintiffs' Motion is overruled.

This action arises from a dispute between the plaintiffs and the Internal Revenue Service regarding the characterization of money received by plaintiff Marvin Catron as damages in a civil suit in the state District Court of Oklahoma in June 1978. Plaintiff, together with his spouse, contends the money he received was damages for personal injury which are excludable from the plaintiffs' gross income under 26 U.S.C. § 104 (1954).[1] Alternatively, plaintiffs argue the damages constitute a return

of capital taxable at capital gains rates under 26 U.S.C. § 1231(a) (1981)[2], or personal service income taxable at a maximum rate of fifty (50) per cent under former 26 U.S.C. § 1348 (1969).[3]

Defendant argues the damages plaintiff received constitute recovery for the loss of commission income, loss of future income, and loss of pension and profit-sharing benefits—all taxable as ordinary income under 26 U.S.C. § 61 (1954).[4]

## FACTUAL SUMMARY

Plaintiffs are citizens of the State of Oklahoma and residents of Tulsa County. Until 1976, Marvin Catron was a commissioned sales representative for Hoerner-Waldorf, a manufacturer and distributor of paper and packaging products. In connection with his employment, Catron designed, invented, and patented in his name a packaging system. Catron expended more than $300,000 to develop the system. He allowed Hoerner-Waldorf to use his system to service an account Catron maintained with Bama, Inc. ("Bama").

In 1975 a dispute arose between Catron and Bama. Bama's president, Paul Marshall ("Marshall") demanded Catron sell Bama the patent for the packaging system. Catron refused, and Bama contacted Hoerner-Waldorf and threatened to discontinue business with Hoerner-Waldorf unless Catron was immediately removed as its sales representative. Hoerner-Waldorf fired Catron in January 1976.

On May 6, 1976 Catron filed suit against Bama and Paul Marshall in the District Court in and for Tulsa County, State of Oklahoma. The case was captioned "*Marvin C. Catron, Plaintiff, v. Bama Pie, Inc., and Paul Marshall, Defendants*—Case Number CT–76–362." Catron alleged defendants acted in an intentional, willful, wanton, and malicious manner to destroy plaintiff's business endeavors and employment relationship with Hoerner-Wal-

1. Hereinafter referred to as "§ 104."

2. Hereinafter referred to as "§ 1231(a)."

3. Repealed Pub.L. 97–34, Title I, § 101(c)(1) August 13, 1981, 95 Stat. 183. Hereinafter referred to as "former § 1348."

4. Hereinafter referred to as "§ 61."

dorf. Catron sought $1,000,000 actual damages for loss of commission income from Hoerner-Waldorf, loss of future income, and loss of pension and profit-sharing benefits. Catron also sought $1,000,000 punitive damages.

The jury awarded Marvin Catron $250,000, of which $83,543.61 was awarded for attorneys' fees and costs. Catron received $166,456.

Plaintiff and his spouse filed a joint return in 1978 reporting the $166,456 as ordinary income subject to the benefits of the maximum tax provisions of former § 1348. Upon review and audit, the United States determined a deficiency of income tax for 1978 in the amount of $20,822. Plaintiffs remitted the amount of the deficiency plus interest of $2,148 on July 18, 1980.

In October 1981 plaintiffs filed a protest of the income tax paid in the amount of $113,041. In April 1982 plaintiffs filed with defendant a claim for refund of the income tax paid, interest, and penalty in the amount of $113,041 for the year 1978. Defendant denied and disallowed the requested refund June 22, 1982.

Plaintiffs filed the instant action August 5, 1982 seeking characterization of the entire award of $166,456 as non-taxable income, or in the alternative, income taxable at capital gains rates, or personal service income taxable at the maximum rate of fifty (50) per cent.

APPLICABLE LAW

■ Section 61 provides, "Except as otherwise provided ... gross income means all income from whatever source derived." Generally, amounts received as damages in litigation are ordinary income for income tax purposes. *Jones v. Corbyn*, 186 F.2d 450 (10th Cir.1950). The proper inquiry is: "In lieu of what were the damages awarded?" *Niles v. United States*, 520 F.Supp. 808 (N.D.Cal.1981).

The Internal Revenue Code recognizes exceptions to the general rule that damages are ordinary income: § 104(a)(2) excludes from gross income "the amount of any damages received (whether by suit or by agreement) on account of personal injuries or sickness." Section 1.104–1(c) of the Income Tax Regulations states in part that damages received means an amount received from an action based on tort or tort-type rights, thus making no distinction between physical and mental or emotional injuries. *Seay v. Commissioner*, 58 T.C. 32 (1972). Plaintiffs argue the damages Marvin Catron received fall under the exception of § 104(a)(2) and that the damage award is non-taxable income under this section as a matter of law.

■ An examination of the plaintiffs' allegations made in the State Court suit and the issues before that court reveals the compensatory damages Catron received related to the injury to his relationship with his employer, Hoerner-Waldorf, loss of commissions, future earnings, pension, and profit-sharing benefits. No reference is made in any of the evidence before this court that the damages awarded Catron represented compensation for injury to his personal reputation. Even if the Court were persuaded that no valid distinction exists for tax purposes between awards for injury to personal reputation and awards for injury to professional reputation, such a question is not before the Court in the instant case. Indeed, Catron's allegations in State Court and the issues presented to the jury demonstrate that his claims were wholly business-related and outside the scope of § 104(a)(2), despite the tort characterization of those claims. Accordingly, the Court concludes plaintiffs have failed to establish that the compensatory damages awarded Catron by the jury were received on account of personal injury and that this money is nontaxable as a matter of law under § 104(a)(2).

Plaintiffs have likewise failed to establish as a matter of law that the money judgment Catron received represents a return of capital taxable at capital gains rates. The evidence is void of any indication that the State Court jury considered or allocated any portion of Catron's damages as loss of capital. As stated above, plaintiffs' recovery represents lost income no

part of which compensates plaintiffs for the loss of a capital asset. Therefore, plaintiffs are not entitled to a finding that all or part of the recovery constitutes a return of capital under § 1231(a) as a matter of law. *Wallace v. Commissioner,* 45 T.C.M. (P–H) 945 (1976); *Roemer v. Commissioner,* 79 T.C. 398 (1982).

Plaintiffs' last basis for an award of summary judgment asserts that the damage award Catron received is eligible for the fifty per cent (50%) maximum tax provision of former § 1348 which provided a tax ceiling on the income derived from personal services of the taxpayer. Catron argues the jury award should be characterized as personal service income because the damages awarded represent compensation for personal services Catron would have rendered but for the tortious conduct of the defendants. The United States argues the § 1348 classification is limited to services actually rendered by a taxpayer, and Catron rendered no personal services in pursuit of the compensatory damages that would enable him to claim the § 1348 benefit.

The Court concludes the plaintiffs fail to establish as a matter of law these damages should enjoy the § 1348 classifications. Even if the Court were convinced the nature-of-the-claim test should be applied to determine the availability of § 1348, plaintiffs do not establish as a matter of law that § 1348 would be available to the entire amount of the income that would have been received. Therefore, summary judgment on this issue is inappropriate.

Nonjury trial of this matter is set for October 24, 1983, at 9 A.M. Proposed Findings of Fact and Conclusions of Law are to be filed by October 17, 1983. Final pretrial conference will be held October 4, 1983 at 1:30 o'clock P.M.

IT IS THEREFORE ORDERED plaintiffs' Motion for Summary Judgment is overruled.